21-1995-cv
*Ibela v. Allied Universal*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
            EUNICE C. LEE,
                        *Circuit Judges.*

_____

OTHMAN IBELA,

                *Plaintiff-Appellant,*                    21-1995-cv

                v.

ALLIED UNIVERSAL,

                *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          Othman Ibela, *pro se*, Jamaica, NY.

**FOR DEFENDANT-APPELLEE:**           Evan S. Weiss, Martenson, Hasbrouch &
                                      Simon LLP, Atlanta, GA.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Appellant Othman Ibela, *pro se*, sued his former employer, Allied Universal ("Allied"), for employment discrimination and retaliation under the Americans with Disabilities Act ("ADA") and hostile work environment under Title VII of the Civil Rights Act of 1964,[1] as well as for claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). He alleged that his coworker was hostile to him based on his national origin and that his supervisor denied him work when he requested a reasonable accommodation for his bipolar disorder. The District Court dismissed the federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and declined to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

As a threshold matter, we agree with the district court that Ibela abandoned his Title VII hostile work environment and retaliation claims by failing to re-assert them in his amended complaint and, thus, those claims are not properly before us on appeal. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)). Therefore, we proceed to review his ADA claims.

## I.    ADA Disability Discrimination Claim

The District Court properly dismissed Ibela's ADA discrimination claim. To establish a *prima facie* case of discrimination under the ADA, a plaintiff must plead that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he

---

[1] When he amended his complaint, Ibela removed his Title VII claim.

2

suffered adverse employment action because of his disability." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020). A person has a "disability" under the ADA if he has: (a) "a physical or mental impairment that substantially limits one or more [of his] major life activities," (b) "a record of such an impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating . . . and working." 42 U.S.C. § 12102(2). To determine whether a major life activity is substantially limited by an impairment, we consider, among other factors, "the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005) (citing 29 C.F.R. § 1630.2(j)(2)).

Ibela did not sufficiently allege that he suffered from a disability within the meaning of the ADA. A diagnosis alone is insufficient to establish disability under the statute. *See Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S 184, 198 (2002) ("It is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment."), *overturned on other grounds by ADA Amendments Act of 2008*, Pub. L 110-325, 122 Stat. 3553 (Jan. 1, 2009). Because Ibela did not allege any facts showing that his bipolar disorder impacted, let alone substantially limited, a major life activity, he failed to state a claim for disability discrimination.

## II.     ADA Retaliation Claim

However, we vacate the District Court's order of dismissal insofar as Ibela alleged retaliation under the ADA for requesting a reasonable accommodation. The District Court concluded that it could not consider the merits of Ibela's ADA retaliation claim because he had not established that he suffered from a disability within the meaning of the ADA. But there is no requirement that the plaintiff be disabled in order to be protected from retaliation under the ADA. A "plaintiff need not establish that the conduct he opposed was actually a violation of the statute so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated that law." *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir. 1999) (internal quotation marks omitted). As long as a plaintiff has a good faith belief that he was disabled and requested a reasonable accommodation, he can state a claim for ADA retaliation. *See Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 234 (2d Cir. 2000) ("[E]ven if Weissman has failed to prove that there was a violation of the ADA, the defendant may still have retaliated against Weissman for engaging in protected conduct.").

To state an ADA retaliation claim, an employee "must show that he engaged in a protected activity, that he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72–73 (2d Cir. 2019). Seeking a reasonable accommodation constitutes protected activity under the ADA. *Weixel v. Bd. of Educ. of N.Y.C.*, 287 F.3d 138, 149 (2d Cir. 2002). Ibela alleged that Nicholas began denying him work, reducing his hours, and denying him overtime after he requested

3

a reasonable accommodation due to his bipolar disorder. These adverse actions occurred within two months of Ibela's June 2019 reasonable accommodation request. *See Gorman-Bakos v. Cornell Co-Op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001) ("[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." (internal quotation marks and alteration omitted)).

Ibela's amended complaint and opposition brief plausibly allege a reasonable belief on his part that he was engaging in protected conduct, and satisfy the elements of an ADA retaliation claim. Therefore, the District Court erred by refusing to consider the merits of that claim.

Further, because we vacate the dismissal in part, we also vacate the dismissal of the NYSHRL and NYCHRL claims specifically relating to retaliation based on Ibela's request for reasonable disability accommodations. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 27 (2d Cir. 2014) (vacating dismissal of state law claims where this Court partially vacated the dismissal of federal law claims).

## CONCLUSION

We have considered all of Ibela's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order and judgment of the District Court in part with respect to the ADA discrimination and Title VII hostile work environment and retaliation claims. We **VACATE and REMAND** the order and judgment with respect to the ADA retaliation claim, and with respect to the NYSHRL and NYCHRL claims, insofar as those state law claims are related to Ibela's ADA retaliation claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4